**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A WHOBREY, Plaintiffs<br><br>v.<br><br>KATHRYN HUTSON and CRAMBLETT LAND COMPANY, LLC, Defendants | No. 26 CV 3543<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendants' motion to dismiss [20] is denied. The defendants shall answer the plaintiff's complaint on or before November 5, 2026. The October 15, 2026, status hearing is stricken.

**STATEMENT**

**Background**

Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("the Fund") operates a multiemployer pension plan. Defendant Kathryn Hutson and deceased James Cramblett Jr. jointly owned Cramblett Trucking Inc. ("Cramblett Trucking"), which participated in the Fund. (R. 1 ¶ 13.)[1] From 2014 to 2018, Cramblett Trucking ran at a financial loss. (*Id.* ¶ 25.) During this time, Cramblett Trucking made five requests for the estimated amount it would owe the Fund if it stopped participating before the pension plan was fully vested. (*Id.* ¶ 26.) By December 2019, Cramblett Trucking ceased operations and liquidated its assets which initiated a complete withdrawal from the Fund. (*Id.* ¶¶ 13, 25.)

In March 2020, the Fund sent a notice and demand to pay $3,350,501.91 in withdrawal liability. (*Id.* ¶ 15.) Receiving no payment from Cramblett Trucking, the Fund filed a lawsuit in August 2020 to collect the withdrawal liability and obtained a judgment order against Cramblett Trucking. (*Id.* ¶ 18.) During asset discovery, the Fund identified an ongoing land lease business relationship between Cramblett Trucking and Defendant Cramblett Land Company, LLC ("Cramblett Land"). From

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

2013 through May 2017, ownership in Cramblett Land was evenly held between Hutson and Cramblett Jr. In 2016, Cramblett Land executed an oil exploration agreement ("Oil Agreement") with Enervest Operating LLC in exchange for a payment of $928,000. (*Id.* ¶ 40.) Hutson received a distribution from that payment for approximately $401,000 ("Oil Distribution"). (*Id.* ¶ 42.) On May 9, 2017, Hutson and Cramblett Jr. each transferred their 50% ownership in Cramblett Land to their respective daughters, for no consideration ("the Transfers"). (*Id.* ¶¶ 46–48.)

The Fund alleges that Hutson and Cramblett Jr. executed the Transfers to evade or avoid the withdrawal liability of Cramblett Trucking. They further allege that Hutson's decision to take the Oil Distribution was an effort to evade or avoid collection of Cramblett Trucking's potential withdrawal liability. As a result, the Fund brings two claims under the Employment Retirement Income Security Act (ERISA). 29 U.S.C. § 1301, *et seq*. The defendants move to dismiss for failure to state a claim. (R. 20); Fed. R. Civ. P. 12(b)(6).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The motion tests the sufficiency of the plaintiffs' claims, not the merits of their case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). The plaintiffs must provide "adequate factual detail to lift [their] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted).

**Analysis**

*Count I*

The Fund principally argues that the defendants executed the Transfers with an intent to avoid the withdrawal liability of Cramblett Trucking in violation of 29 U.S.C. § 1392(c). An evasion or avoidance claim must sufficiently allege (1) an executed transaction which allowed for the evasion and avoidance of withdrawal liability, and (2) a principal purpose for the transaction was to evade or avoid withdrawal liability. *Pension Plan of Loc. Union 786 Ret. Fund v. Lee Lumber & Bldg. Material Corp.*, No. 19 C 06933, 2021 WL 949343, at *7 (N.D. Ill Mar. 12, 2021) (quoting *Santa Fe. Pac. Corp. v. Cent. States Se. and Sw. Areas Pension Fund*, 22 F.3d 725, 727 (7th Cir. 1994)).

The defendants argue that the Fund's allegations fail because they amount to a "mere regurgitation of the statutory elements fashioned as a factual allegation." (R. 20 at 10.) The Court disagrees. The Fund's complaint alleges Hutson and Cramblett held controlling ownership interests and common control over Cramblett Trucking and

Cramblett Land. It further alleges that the Transfers effectively eliminated the controlled Cramblett group, which suggests that the defendants would be able to evade or avoid withdrawal liability. Next, the Fund contends that the combination of Hutson's repeated requests for withdrawal liability estimates and knowledge of Cramblett Trucking's financial decline established a principal purpose for the defendants to avoid any future withdrawal liability. The Fund asserts that the defendants exercised that principal purpose through the Transfers. Taken in the light most favorable to the plaintiff, the Fund's claims are plausible. The defendants' motion to dismiss Count I is denied.

*Count II*

An evasion and avoidance claim ordinarily applies to trades or businesses but can also apply to individuals. *See Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Ill. Range*, 186 F.R.D. 498, 502 (N.D. Ill. 1999). Personal liability attaches to an individual defendant where a transaction is the result of evading or avoiding withdrawal liability, as section 1392(c) requires that such transactions be disregarded. *Id.* at 501–03; *see Cent. States Se. and Sw. Areas Pension Fund v. B&M Marine Constr., Inc.*, No. 16 C 2743, 2018 WL 318483, at *6 (N.D. Ill Jan. 8, 2018). The Fund alleges that Hutson executed the Oil Distribution to evade or avoid withdrawal liability. (R. 1 ¶¶ 63–69.) The Fund contends that the defendants operated a commonly controlled group with awareness of Cramblett Trucking's potential withdrawal liability by way of requested estimates of that liability. (*Id.* ¶¶ 26–34.) They further assert that Hutson accepted the Oil Distribution with a principal purpose to evade or avoid that future withdrawal liability by reducing the number of available assets (*Id.* ¶¶ 40–42, 65–68). At this stage, such allegations are sufficiently plausible. The defendants' motion to dismiss on Count II is denied.

Date: October 15, 2026

JEREMY C. DANIEL
United States District Judge